# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIAM IRA HOWSE, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-056 |
| | ) | |
| WARDEN BROOKS BRENTEN, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff William Ira Howse, III filed two cases in this Court concerning the medical care he has received while incarcerated at Coastal State Prison. *See generally* doc. 1; *see also* doc. 19 (consolidating case CV420-057 into this case). The District Judge directed Howse to file an amended complaint into this case clarifying his consolidated allegations. *See* doc. 19 at 2. He has complied. *See* doc. 22. The Court, therefore, proceeds to screen his Amended Complaint pursuant to 28 U.S.C. § 1915A.[1]  For the reasons explained below, although Howse's

---

[1] Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x

Amended Complaint does not state a claim upon which relief may be granted, he will be afforded a final opportunity to amend.

Despite the District Judge's admonition that his Amended Complaint would supersede prior pleadings, *see* doc. 19 at 2-3, the pleading he submitted is less than completely clear. He names ten defendants: Warden Brenton, Dr. Awe, Latoya Hall, William Agyemang, Sabrina Gregory, "Worthin," Dr. Mark Winchell, "St. Joseph Hospital," Brent Betterton, and Coastal State Prison. *See* doc. 22 at 1. He alleges that various defendants, some specified and some not, were deliberately indifferent to his medical needs. *See* doc. 22 at 2-10. Those medical needs, he alleges, include pain and mobility issues related to hip and back problems. *See id.* at 2-4, 7. He also objects to his prescription of "medication for chicken pox," *id.* at 3, and states that he seeks damages for "being closed up in the elevator while in [his] wheelchair . . . because it had [a] problem wrong [sic] with the safety edge . . . ," *id.* at 11.

---

3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

I. **Improper Defendants**

Howse names two defendants who are not subject to liability under 42 U.S.C. § 1983. First, "St. Joseph Hospital," which the Court infers is a reference to St. Josephs/Candler Hospital, in Savannah, Georgia, is not a state actor.[2] "A private hospital is not a state actor and cannot be held liable under § 1983 for the actions of its employees." *Jackson v. Tattnall Cmty. Hosp.*, 2007 WL 196846, at *2 (S.D. Ga. Jan. 22, 2007). He has also named Coastal State Prison as a defendant, but prisons themselves, as opposed to their employees, are not entities subject to suit. *See, e.g., Johnson v. Benton*, 2021 WL 6750967, at *2 (S.D. Ga. Dec. 20, 2021) ("Coastal State Prison is not a proper party because jails and prisons are not legal entities subject to liability in § 1983 claims," and collecting

---

[2] Howse's factual allegations do not mention the hospital. *See* doc. 22 at 2-13. It is possible that it was the location where he alleges he received surgery on his hip. *See id.* at 5-6. Although he does not expressly allege it, it is also possible that Howse's allegations imply that the hospital acts under a contract with the State to provide medical care to prisoners. However, "[a] private entity providing medical services pursuant to a contract . . . is only liable under § 1983 where it employs a custom or policy that results in deliberate indifference to an inmate's serious medical needs." *Brown v. Bell*, 2022 WL 779771, at *3 (N.D. Ala. Mar. 14, 2022). In the absence of *any* factual allegation implicating the hospital, Howse has failed to allege either the contractual relationship or the custom or policy that *might* support a § 1983 claim against it.

3

cases). Accordingly, Howse's claims against "St. Joseph Hospital" and Coastal State Prison should be **DISMISSED**.

## II. Medical Care Claims

The clear focus of Howse's Amended Complaint is his allegation that he has received inadequate medical care while incarcerated at Coastal State Prison. To offend the Eighth Amendment, a government official must display "deliberate indifference to the serious medical needs of prisoners . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This requires that (1) the prisoner suffered a sufficiently serious medical need; (2) to which the defendants were deliberately indifferent; (3) resulting in an injury. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). Whether a serious medical need existed is an objective standard. *Milton v. Turner*, 445 F. App'x 159, 161-62 (11th Cir. 2011). However, whether defendants were deliberately indifferent is subjective and each defendant is "judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). To allege deliberate indifference, a plaintiff must show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is

more than [gross] negligence." *Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir. 2010) (internal quotations and citation omitted).

Howse clearly alleges that he suffers from at least one serious medical need. *See, e.g., Walker v. Mesrobian*, 1996 WL 459848, at *1 (N.D. Ill. Aug. 12, 1996) ("There is no doubt that [plaintiff] has serious medical needs[, including] . . . avascular necrosis of the hips . . . ."). His remaining allegations, however, are too vague and general for the Court to discern that any defendant was deliberately indifferent to any serious medical need. *Cf. Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks and citations omitted)). In the absence of any allegation sufficient to establish a defendant's subjective deliberate indifference, Howse's claims are all subject to dismissal. However, as discussed below, several of his allegations merit additional discussion.

Howse alleges that he has been provided with considerable medical treatment. He expressly alleges that, during his incarceration, he was "sent to the pain clinic twice," doc. 22 at 3; he was provided with pain medication, although he alleges those medications should have been

5

changed "so that at least [his] body would not adapt to the medications and work less," *id.*; he received surgery on his hip, although he contends that the surgery did not address his mobility issues and "caused [him] more pain," *id.* at 5-6. When he alleges that care was refused, those allegations indicate merely a difference of medical opinion. *See id.* at 4 (alleging defendant Awe told him "after reading [his] medical records that [he] may not need surgery after the hospital [he] came f[ro]m told [him he] would need back surgery . . ."), 5 (alleging he "asked [defendant Winchell] for an explanation of why [his] hip would not be replaced like the referral for left total hip replacement he said this was what needed to be done to provide the lowest [sic] and efficient care"). He frequently describes the care he has received as "negligence." *See id.* at 5. None of those allegations are sufficient.

As the Eleventh Circuit has recently explained "[t]he Eighth Amendment does not require medical care to be perfect, the best obtainable, or even very good. [Cit.] Mere negligence or a mistake in judgment does not rise to the level of deliberate indifference. [Cit.] Further, a simple difference in medical opinion between the prisoner's medical staff and the inmate as to the latter's diagnosis or course of

6

treatment does not support a claim for deliberate indifference." *Gomez v. Lister*, 2022 WL 16776248, at *3 (11th Cir. Nov. 8, 2022) (internal quotations and citations omitted). Even treatment that amounts to medical malpractice does not violate the Eighth Amendment. *See, e.g., Udell v. Williams*, 2022 WL 4857949, at *5 (S.D. Ga. Oct. 3, 2022) (citing *Campbell v. Sikes*, 169 F.3d 1353, 1363-72 (11th Cir. 1990)) ("[M]ere allegations of negligence or medical malpractice do not amount to deliberate indifference."). Howse's Amended Complaint alleges, at most, that he—and perhaps other medical professionals—disagreed that he was receiving appropriate treatment, but it does not allege that any of the care he received was even negligent, much less that it was more than negligent.

Howse's allegations concerning inadequate pain treatment are particularly dubious. Notably, he does not allege that he was denied pain medication, only that the pain medication he was provided was not effective or was different than the medication recommended by unidentified physicians. *See* doc. 22 at 3 (alleging Awe "[n]ever approved different pain medication even though [Howse] kept telling him that the medication was not working," and "knew [Howse] had been sent to the

7

pain clinic twice and was approved for better pain medication . . . ."). A prisoner's dissatisfaction with the efficacy of pain medication is simply not sufficient to state a deliberate indifference claim. *See Baez v. Rogers*, 522 F. App'x 819, 820-21 (11th Cir. 2013) (affirming dismissal of deliberate indifference claim based on allegation that pain medication was inadequate because it "alleges only a difference of medical opinion as to what course of treatment was appropriate."); *Smith v. Wood*, 2019 WL 13068185, at *7 (N.D. Ga. Oct. 31, 2019) (collecting cases), *adopted* 2020 WL 11424888 (N.D. Ga. July 15, 2020).

Given the lack of any specific allegation concerning any defendant's knowledge of Howse's conditions and the lack of any sufficient allegation that the treatment he received was more than grossly negligent, he has failed to state a § 1983 deliberate indifference claim. Although his claims alleging violations of the Eighth Amendment fail to state a claim, he is entitled to an opportunity to amend. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("[W]hen a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action.").

## III. Negligence Claims

Howse's allegations concerning medical staff's "negligence" and his vague allegation concerning the incident concerning the elevator might implicate state-law negligence claims.[3] None of Howse's allegations appear sufficient to state any negligence claim against any named defendant. Even if he stated such a claim, however, the fact that he has failed to state a constitutional claim casts doubt upon whether this Court would exercise supplemental jurisdiction over any such claim. *See, e.g., Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) ("[I]f the federal claims are dismissed prior to trial, [*United Mine Workers v.*] *Gibbs* strongly encourages or even requires dismissal of state claims." (internal quotation marks and citations omitted)). Whether Howse alleges any

---

[3] Howse's allegations concerning the elevator are inconsistent with any claim that any defendant was deliberately indifferent to the problem and are therefore insufficient to support a constitutional claim. He alleges that a maintenance engineer, who is not named as a defendant, "knew there was a problem with the safety edge on the elevator and put in a request to get it fixed." Doc. 22 at 10. That allegation might imply, though it does not allege, that the steps taken in response to that "problem" were negligent. However, to allege a constitutional claim, a plaintiff must allege deliberate indifference to a sufficiently serious condition. *See, e.g., Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). "Negligence does not suffice to satisfy this standard." *Id.*

state-law negligence claim is, therefore, moot until he alleges at least one viable constitutional claim.

## IV. Conclusion

In summary, Howse's claims against "St. Joseph Hospital" and Coastal State Prison should be **DISMISSED**. Doc. 22, in part. Although his claims alleging violations of his Eighth Amendment rights and seeking compensatory damages fail to state a claim, he is entitled to an opportunity to amend. *See Jenkins*, 620 F. App'x at 711. No later than February 3, 2023, Howse is **DIRECTED** to submit a Second Amended Complaint. To facilitate his preparation of the Second Amended Complaint, the Clerk is **DIRECTED** to send him a blank Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). Howse is advised that his amended complaint will supersede the current operative complaint and therefore must be complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). Howse is further advised that failure to timely submit his amended complaint may result in a recommendation that this case be

dismissed for failure to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b).

## V.     **Filing Fee**

Finally, the Court must assess Howse's filing fee. *See* 28 U.S.C. § 1915(b). Plaintiff's prisoner trust fund account statement reflects $150.00 in average monthly deposits. Doc. 5 at 1. Based upon his furnished information, he owes an initial partial filing fee of $30.00. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the

custodian at his next institution in accordance with the terms of the payment directive portion of this Order.[4]

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 4th day of January, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.