# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIAM IRA HOWSE, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-056 |
| | ) | |
| WARDEN BROOKS BRENTEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff William Ira Howse, III filed two cases in this Court concerning the medical care he has received while incarcerated at Coastal State Prison. *See generally* doc. 1; *see also* doc. 19 (consolidating case CV420-057 into this case). The District Judge directed Howse to file an amended complaint into this case clarifying his consolidated allegations. *See* doc. 19 at 2. He complied, doc. 22, and the Court screened his Amended Complaint pursuant to 28 U.S.C. § 1915A, doc. 23. The Court recommended that several defendants be dismissed. *Id.* at 10, *adopted* doc. 25. It directed Howse to file a Second Amended Complaint to clarify his allegations against the remaining defendants. *Id.* at 4-10.

He has complied with that direction. Doc. 24. The Court, therefore, proceeds to screen his Second Amended Complaint.[1]

Howse alleges that he suffers from avascular necrosis. *See* doc. 24 at 18. "Avascular necrosis . . . is defined as a loss of blood supply to the bone," which "causes the bone to deteriorate and die." *McIntyre v. United States*, 2016 WL 4702417, at *2 (M.D. Fla. Sept. 8, 2016). He also alleges that his hips are "collapsed." Doc. 24 at 18. As a result of his hip problems, his "back is messed up." *Id*. These conditions confine Howse to a wheelchair and cause him significant pain. *See id*. at 18-20. He alleges that he has been evaluated by a "pain clinic," but that the medications recommended by that clinic are not available to him. *Id*. at 20. He also had "decompression" surgery on his hips in 2019. *Id*. at 20-21. He also alleges, albeit vaguely, that medical staff "kept [him] on medication for chicken pox for about 8 months after [he] kept telling them and they knew [he] had got over the chicken pox." *Id*. at 28. Finally, he

---

[1] As before, *see* doc. 23 at 1 n. 1, the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), so allegations in the Amended Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

alleges that an elevator at the prison was improperly maintained and injured him. *See id.* at 34.

As the Court explained in considering Howse's prior pleading, a claim that prison medical care violates the Eighth Amendment requires showing that (1) the prisoner suffered a sufficiently serious medical need; (2) to which a particular defendant was deliberately indifferent; (3) resulting in an injury. *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007); *see also* doc. 23 at 4. As before, it seems clear that Howse alleges that he suffers from serious medical needs. *See* doc. 23 at 5 (citing *Walker v. Mesrobian*, 1996 WL 459848, at *1 (N.D. Ill. Aug. 12, 1996)); *see also, e.g., Russell v. Williams*, 2008 WL 4974801, at * 3 (S.D. Ga. Nov. 21, 2008) ("Severe pain is sufficient to satisfy the requirement of a serious medical need."). As before, the sufficiency of Howse's claims turns on whether he alleges that any defendant was deliberately indifferent to those needs.

As the Eleventh Circuit has explained:

> [a] prisoner bringing a deliberate-indifference claim has a steep hill to climb. We have held, for instance, that the Constitution doesn't require that the medical care provided to prisoners be perfect, the best obtainable, or even very good. [Cit.] Rather, medical treatment violates the Eighth Amendment only when it is so grossly incompetent,

> inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. [Cit.] We have also emphasized—as have our sister circuits—that a simpe difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment fails to support a claim of cruel and unusual punishment. [Cit.]

*Keohane v. Florida Dept. of Corrs. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (internal quotation marks, alterations, and citations omitted). Given the high standard for deliberate indifference, "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation." *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) (citation omitted). Howse's Second Amended Complaint fails to surmount the "steep hill" his claims entail.

Howse's Second Amended Complaint repeatedly characterizes the care he has received as "inadequate" and "negligent." *See, e.g.,* doc. 24 at 18. However, deliberate indifference requires that a plaintiff allege "that defendants' response to the need was more than merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Palazon v. Sec'y for Dept. of Corrs.*, 361 F. App'x 88, 89 (11th Cir. 2010) (quoting *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000)) (internal quotation marks omitted).

Thus, Howse's general allegations that the care he acknowledges he received was inadequate or negligent indicates the fundamental flaw in his claims. As discussed below, none of his specific complaints about the care he received are sufficient, even liberally construed, to allege more than negligence.

Howse alleges that he received some treatment for his avascular necrosis and the resulting orthopedic issues with his hip and back. He alleges that "[t]here was an attempt to correct [his] hip, but a decompression and screws would not fix a collapsed hip . . . ." Doc. 24 at 18. He states that he was "approved," without alleging by whom, "for a total left hip replacement in July 2019," but instead "received a decompression." *Id.* at 20-21. He alleges that the "decompression" increased his pain. *Id.* at 21. He also suggests that the postoperative care provided after his surgery was improper or inadequate. *Id.* at 21 ("I was not given medication for pain for two days no physical therapy after surgery no medication to make sure I did not have a blood clot . . . ."). He alleges that defendant Dr. Awe told him, "after reading [his] medical records that [Howse] may not need surgery after St[.] Joseph Hospital told [him he] would need back surgery to correct the problems in [his]

5

back." *Id.* at 29. Several individuals, whose positions are not clear, told him that the care he was receiving was not "adequate." *Id.* at 30, 31-32. Finally, he alleges that defendant Dr. Winchell told him that the decompression surgery "was what needed to be done to provide the lowest and efficient care." *Id.* at 33; *see also, e.g., id.* at 6 (spelling defendant's surname "Winchell"). All of those allegations imply, at most, disagreement about the necessary treatment for Howse's hip and back problems. Even assuming that the treatment he received, *i.e.* the decompression surgery, was negligently prescribed or performed, it does not allege deliberate indifference.

Howse's allegations concerning his pain, and the ineffective medication he receives to treat it, merit separate discussion. Howse alleges, albeit somewhat vaguely, that he receives medication to treat his pain. While medical decisions resulting in ineffective pain treatment are not "always immune from Eighth Amendment scrutiny or liability[,] . . . treating pain allows considerable room for professional judgment[, and m]edical professionals cannot guarantee pain-free lives for their patients." *Norwood v. Ghosh*, 723 F. App'x 357, 365 (7th Cir. 2018). The Eleventh Circuit has recognized that a medical decision "to change [a

6

prisoner's] pain-management regimen from opioids to non-opioids was a matter of medical judgment." *Brennan v. Headley*, 807 F. App'x 927, 937 (11th Cir. 2020) (citing *Locket v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019) ("The decision to prescribe non-narcotic pain medication was within the bounds of professional judgment."); *see also Phillips v. Robbins*, 752 F. App'x 759, 764-65 (11th Cir. 2018) (continued reevaluation of allegedly ineffective pain medication, despite refusal to prescribe alternative medication, "suggests disagreements in medical opinion, rather than deliberate indifference." (citation omitted)); *Ross v. Corizon Med. Servs.*, 700 F. App'x 914, 916 (11th Cir. 2017) ("The failure to administer stronger medication [for pain] is generally a medical judgment that is not an appropriate basis for imposing liability."); *Wright v. Langford*, 562 F. App'x 769, 779 (11th Cir. 2014) (plaintiff's "claim that he should have received some other form of pain medication . . . does not state an Eighth Amendment deliberate indifference claim because a doctor's choice of treatment is generally . . . a matter of medical judgment."); *Smith v. Wood*, 2019 WL 13068185, at *7 (N.D. Ga. Oct. 31, 2019) ("Plaintiff's claim essentially amounts to a disagreement with medication treatment and not deliberate indifference, even if the new

pain medication . . . may not have been as effective," and collecting cases).[2] Howse's allegations concerning the pain treatment he receives allege, at most, his disagreement with medical staff's judgment.

Finally, Howse's vague references to "medication for chicken pox" are simply not clear enough to allege any serious medical need or that the decision to keep prescribing the medication was anything more than negligence. While "allegations of excessive and unnecessary medication administered after the patient's objections to the treatment implicate

---

[2] While courts recognize that a reflexive or purely economic decision to refuse pain medication may constitute deliberate indifference, Howse's allegations of repeated attempts to treat him, albeit allegedly ineffective, distinguish those cases. In *McElligott v. Foley*, the Eleventh Circuit found a sufficient deliberate indifference claim where medical staff provided over-the-counter remedies, *i.e.* Tylenol and pepto-bismol, and an "anti-gas medication," despite plaintiff's "repeated complaints about the pain he was suffering from," because they could be found "so cursory as to amount to no care at all."  182 F.3d 1248, 1257 (11th Cir. 1999).  In *Brennan v. Commissioner, Alabama Department of Corrections*, the court found a sufficient deliberate indifference claim based on defendant's prior administration of medication which "indicates that they were aware of [plaintiff's] pain and knew the proper course of treatment, but later withheld treatment."  626 F. App'x 939, 943-44 (11th Cir. 2015). Howse's allegations that he has been sent to a "pain clinic" multiple times, and the fact that there appears to be no absolute prohibition on the medications he was prescribed, *see, e.g.,* doc. 24 at 24, distinguish Howse's case from *McElligott* and *Brennan*.  There is no indication that the treatment he is being provided, which he doesn't specify, is so cursory as to amount to no care at all.  *See* doc. 24 at 28.  The fact that Howse alleges that other inmates were "taking the same medications" that the "pain clinic" recommended indicates that the prison medical staff's reticence to provide it to him was not a purely administrative or economic decision.  *See id.* at 24. Although Howse's pain-management allegations come the closest to alleging deliberate indifference, they "stop short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

eighth amendment concerns," *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990), none of Howse's allegations concerning the chicken pox medication are sufficient to state a deliberate indifference claim.

Howse's allegations concerning his medical treatment and his allegations concerning his accident in the prison's elevator[3] might support state-law medical malpractice or negligence claims. The Court does not analyze the sufficiency of those claims because, in the absence of a viable constitutional claim, the Court should decline to exercise supplemental jurisdiction over them. *See, e.g., Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) ("[I]f the federal claims are dismissed prior to trial, [*United Mine Workers v.*] *Gibbs* strongly encourages or even requires dismissal of state claims." (internal quotation marks and citations omitted)). Since, as discussed above, none of his allegations are

---

[3] The Court previously explained that Howse's allegations concerning his accident in the elevator are inconsistent with any claim of deliberate indifference to the elevator's condition. *See* doc. 23 at 9 n. 3. As before, Howse expressly alleges that the responsible employee specifically requested maintenance. *Compare id.*, *with* doc. 24 at 34.

sufficient to allege a constitutional violation, any state-law claims should also be dismissed.

In summary, Howse's Second Amended Complaint should be **DISMISSED**. Doc. 24. His allegations concerning the quality of the medical treatment he has received at Coastal State Prison establish, at most, negligence and disagreement—both between Howse and medical practitioners and among those practitioners—concerning the proper course of his treatment. Even construed charitably, those allegations do not allege that any defendant was deliberately indifferent to his serious medical needs. To the extent that those allegations might support state-law medical malpractice claims, in the absence of any viable constitutional claim, the Court should decline to exercise supplemental jurisdiction over such claims. Similarly, to the extent that his allegation concerning the elevator implicates a negligence claim, the Court should decline supplemental jurisdiction.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should

be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 13th day of February, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA