IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM IRA HOWSE, III, | |
| Plaintiff, | CIVIL ACTION NO.: 4:20-cv-56 |
| v. | |
| WARDEN BROOKS BRENTEN, *et al.*, | |
| Defendants. | |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's Report and Recommendation, (doc. 26), to which plaintiff has filed an objection, (doc. 27). For the reasons explained below, the Court **ADOPTS** the Report and Recommendation as its opinion, as supplemented below. See 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Howse's Second Amended Complaint is **DISMISSED**. (Doc. 24.) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

In January 2023, the Magistrate Judge screened Howse's Amended Complaint. (Doc. 23.) He recommended Howse's claims against several defendants be dismissed and directed Howse to file a Second Amended Complaint. (Id., p. 10.) Howse did not object and the Court adopted the recommendation. (Doc. 25.) Howse timely filed the Second Amended Complaint. (Doc. 24.) The Report and Recommendation now before the Court explains that Howse's allegations concern the treatment he received for avascular necrosis and related conditions while incarcerated. (Doc. 26, pp. 2-3.) The Magistrate Judge concluded that Howse's complaints about the care he received

alleged no more than negligence. (See id., p. 5.) The allegations were, therefore, insufficient to allege that any defendant was deliberately indifferent to his serious medical needs. (Id., pp. 5-9.) Finally, the Magistrate Judge concluded that Howse's allegations concerning an accident involving an elevator might support state-law claims, but that the Court should decline to exercise supplemental jurisdiction over those claims. (Id., p. 9-10.) He, therefore, recommended that the Second Amended Complaint be dismissed. (Id., p. 10.)

Howse's Objection expresses his dissatisfaction with the outcome of the Magistrate Judge's analysis. (See generally doc. 27.) He asserts that the treatment he received while incarcerated was "not right." (Doc. 27, p. 1.) He also points out the significant consequences of his medical conditions, which he contends were exacerbated by the medical treatment he received during his incarceration. (Id., pp. 1-2.) The Court is sympathetic to the seriousness of Howse's medical conditions, and their consequences, but—as the Magistrate Judge noted—" 'when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation.'" (Doc. 26, p. 4 (quoting Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989).) The only substantive response to the Magistrate Judge's analysis of his claims asserts that "all of [the defendants] could had [sic] did more to help [him] but they just didn't care because [he] was a prisoner . . . ." (Doc. 27, p. 3.) As the Magistrate Judge has explained to Howse, such generalized contentions are not sufficient to allege any defendant's subjective deliberate indifference. (See doc. 23, pp. 4-5 (citing Burnette v. Taylor, 533 F. 3d 1325, 1331 (11th Cir. 2008).) Moreover, whether any defendant might have done more to address Howse's conditions does not rebut the Magistrate Judge's conclusion that Howse alleges, at most, that the treatment he received was negligent, but not that any defendant was deliberately indifferent. See, e.g., Keohane v. Florida Dept. of Corrs., 952 F.3d 1257, 1266 (11th Cir. 2020) ("[T]he Constitution doesn't require that the medical care

provided to prisoners be 'perfect, the best obtainable, or even very good.'" (quoting Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991)).   The Court, therefore, agrees with the Magistrate Judge's conclusion that Howse has failed to state a § 1983 deliberate indifference claim.

Howse also asserts an entirely novel claim that unidentified officials retaliated against him for complaining about the quality of medical care by delaying his release.  (Doc. 27, pp. 4-5.)  Howse does not explicitly request leave to amend to assert a retaliation claim.   (See generally id.)  Given that he has already had multiple opportunities to amend, (docs. 22 & 24), he cannot amend as a matter of course.  Fed. R. Civ. P. 15(a).   Finally, an objection to a Report and Recommendation is not a proper way to request such leave.   Cf. Lorton v. Wainwright, 2022 WL 2803195, at *6 (N.D. Ohio July 18, 2022) ("Without a pending motion for leave to amend, the Court has no application to consider, and such a free-standing request [in objections to a magistrate judge's report and recommendations] is not itself a motion to amend and not procedurally proper." (citations omitted)); Young v. Rios, 2018 WL 2079509, at *2 n. 2 (W.D. Okla. May 4, 2018) ("An objection to a Report and Recommendation is . . . not the correct forum to request leave to amend.").   The Court, therefore, does not consider the allegations of retaliation asserted for the first time in Howse's Objection.

Accordingly, the Report and Recommendation is **ADOPTED** as the opinion of the Court, (doc. 26), as supplemented by the discussion above, and Howse's Objection is **OVERRULED**, (doc. 27).  Howse's Second Amended Complaint is **DISMISSED**.  (Doc. 24.)  The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 20th day of March, 2023.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA